## P. O. PEDERSON v. ANDREW MILLER.

### (164 N. W. 101.)

**House and barn — building of — written contract for — complaint — cause of action stated.**

This action is based on written contracts for the construction of a house and barn, with some oral modifications. The complaint does state facts sufficient to constitute a cause of action, and it is in no way possible to misunderstand it.

Opinion filed July 28, 1917.

Appeal from the District Court of Burleigh County, Honorable *W. L. Nuessle,* Judge.

Affirmed.

*Miller, Zuger, & Tillotson,* for appellant.

The defendant demurs generally to the complaint on the ground that the complaint does not contain a statement of facts sufficient to constitute a cause of action against him and the district erred in overruling such demurrer. Annexed exhibits are no part of a pleading, unless expressly so made. 8 Enc. Pl. & Pr. 740.

Matters of substance must be alleged in direct terms, and not by way of recitals or reference, much less by exhibits merely attached to the pleading and referred to therein. 8 Standard Enc. Proc. 808; Sweeney v. Johnson, 23 Idaho, 530, 130 Pac. 997; Sprague v. Wells, 47 Minn. 504, 50 N. W. 535; McPherson v. Hattich, 10 Ariz. 104, 85 Pac. 731; Macdonell v. International & G. N. R. Co. 60 Tex. 590; Burkett v. Griffith, 90 Cal. 542, 13 L.R.A. 707, 25 Am. St. Rep. 151, 27 Pac. 527; Brooks v. Paddock, 6 Colo. 36; Pomeroy v. Fullerton, 113 Mo. 440, 21 S. W. 19.

The office of an exhibit should be limited to the aiding by amplification and making more certain and definite the essential allegations of the pleading. Los Angeles v. Signoret, 50 Cal. 298; Hartford F. Ins. Co. v. Kahn, 4 Wyo. 364, 34 Pac. 895; Bank of Anderson County v. Foster, 146 Ky. 179, 142 S. W. 225; Connor v. Zachry, 54 Tex. Civ. App. 188, 115 S. W. 867, 117 S. W. 177.

Exhibits cannot supply the place of essential averments in the statement of a cause of action. First Nat. Bank v. Dakota F. & M. Ins. Co. 6 S. D. 427, 61 N. W. 439; Cranmer v. Kohn, 11 S. D. 247, 76 N. W. 937.

Where the pleader does not elect to use the statutory form in alleging his performance, he is held to a great particularity of statement. Smith v. Brown, 17 Barb. 431; Hatch v. Peet, 23 Barb. 581.

At common law it was necessary to set out all the facts that went to show performance. Crawford v. Satterfield, 27 Ohio St. 421.

Some courts hold that the pleader must use the word "duly" in stating performance. Clemens v. American F. Ins. Co. 70 App. Div. 435, 75 N. Y. Supp. 484; Griffin v. Pitman, 8 Or. 342.

Nor does the pleading allege performance in such a manner that defendant can take issue upon his statement; since he has attempted to adopt the method of pleading by alleging facts, instead of bringing himself under the statute. 4 Enc. Pl. & Pr. 632–635 and notes; Smith v. Brown, 17 Barb. 431.

Plaintiff's cause of action, if he has one, is not upon special contract, but upon quantum meruit. Phillips & C. Constr. Co. v. Seymour, 91 U. S. 646, 23 L. ed. 341.

*F. E. McCurdy,* for respondent.

This action is based upon two contracts which are so closely related as to their conditions and the performance thereof that they are, in effect, but one contract.

According to the modern method of pleading contracts or instruments, they may be copied, attached to, identified, and referred to as a part of the complaint or pleading. Southern Surety Co. v. Municipal Excavator Co. — Okla. —, L.R.A.1917B, 208, 160 Pac. 617; Woodbury v. Tampa Waterworks Co. 57 Fla. 243, 21 L.R.A.(N.S.) 1034, 49 So. 556; Black v. Allen, 9 L.R.A. 133, 42 Fed. 618; Hutchinson v. Maxwell, 100 Va. 169, 57 L.R.A. 384, 93 Am. St. Rep. 944, 40 S. E. 655.

There are sufficient allegations of performance. The contracts were performed in so far as it was possible for plaintiff to do by reason of the acts of defendant, and the facts in this relation are fully pleaded. The amount earned under the contracts is computable and is fully

stated.   Wells v. National Life Asso. 53 L.R.A. 66, 39 C. C. A. 476, 99 Fed. 222; 9 Cyc. 688, 723.

ROBINSON, J.   In this case defendant appeals from an order overruling a general demurrer to the complaint.   The complaint is that in June, 1916, the plaintiff and the defendant made a written contract for the construction of a barn; also, a written contract for the construction of a house, and some three modifying oral contracts.   It avers the plaintiff duly performed all the conditions of the contract, and was about to complete the same when prevented by the defendant. Then it states the cost of labor and material necessary to complete the contract, and the written contracts were copied into and made a part of the complaint.

In a word, the plaintiff says to defendant: Here are the written contracts you made with me, and here are the oral modifications.   I have done as I agreed, only so far as you have prevented me.   I have incurred all the cost of completing your job, except a small specified amount for labor and material.   I want my pay.

The plaintiff adopted the lazy method of pleading the written contracts by giving a copy of the same, but it may have been done so as to make it impossible to put in a sham or evasive answer.   Most assuredly the form of pleading adopted leaves no room for misconstruction, cavil, or evasion.   No person can read the complaint and fail to know just what it means.   It says to defendant: We made the contracts; the work is done, except so far as you prevented it.   Please pay up $937.70, with interest.   Order affirmed.